IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS DAVIS, | ) | |
|     Plaintiff | ) | |
| | ) | |
| vs. | ) | Civil Action No. 09-415 |
| | ) | District Judge Donetta W. Ambrose/ |
| THE COUNTY OF ALLEGHENY and its | ) | Chief Magistrate Judge Amy Reynolds Hay |
| Agencies; OFFICE OF THE DISTRICT | ) | |
| ATTORNEY; OFFICE OF PUBLIC | ) | |
| DEFENDER, | ) | |
|     Defendants | ) | Re: Dkt. Nos. [8] & [13] |

## REPORT AND RECOMMENDATION

**RECOMMENDATION**

It is respectfully recommended that the Defendants' Motion for Judgment on the Pleadings, Dkt. [13], be granted and the complaint dismissed. It is further recommended that Plaintiff's motion for summary judgment, Dkt. [8], be denied.

**REPORT**

Thomas Davis ("Plaintiff"), currently incarcerated in SCI-Mercer and assigned Inmate Identification No. BZ9982, has filed a civil rights action against three named defendants, all of whom were involved in his conviction upon his guilty plea. Plaintiff contends that he entered into a plea agreement on January 9, 1990, but that the Defendants breached the plea on March 2, 1990. As a consequence, it appears Plaintiff is serving sentences as a result of the allegedly breached plea agreement. The Defendants' Motion for Judgment on the Pleadings should be granted either because Plaintiff's complaint is time barred or because the suit is barred by Heck v. Humphrey, 512 U.S. 477 (1994).

**Background**

Plaintiff filed a civil action pursuant to 42 U.S.C. § 1983.  Dkt. [3], at 1, ¶ 1. He alleges that the three defendants have a policy of conducting plea negotiations unsupervised by the Court wherein "their [sic] is no administrative supervision to assure any and all conditional waivers of constitutional rights reached administratively between the office of district attorney and office of public defender" respect the criminal defendant's constitutional rights.  Dkt. [3], at 3, ¶ 10. Plaintiff alleges that on January 9, 1990, he agreed to a postponement of his trial on robbery charges in order for a DNA test to determine if Plaintiff were the perpetrator of a particular robbery and if the DNA test exonerated Plaintiff, "the prosecution would dismiss all charges." Dkt. [3] at 4, ¶ 14.  The Court notes that Plaintiff previously filed a habeas petition (actually multiple habeas petitions) attacking the same convictions as he attacks herein.  <u>Davis v. County of Allegheny</u>, No. Civ. A. 09-1452 (W.D. Pa. Dkt. [2] report, recommending pre-service dismissal), which was referred to the undersigned for a report and recommendation.  Needless to say, none of Petitioner's habeas attacks was successful.   Petitioner was convicted of a series of robberies committed in the Mount Washington section of Pittsburgh, but he was either acquitted of or not charged with a robbery, where tests on a cigarette smoked by the perpetrator of that particular robbery showed that Plaintiff was not the perpetrator.   Instantly, Plaintiff alleges that on March 2, 1990, despite the alleged agreement by the prosecution to "dismiss all charges" if the test showed Plaintiff was not the perpetrator, the Defendant District Attorney's Office refused to honor the promise and prosecuted Plaintiff anyway.  Dkt. [3] at 4 to 5.

By way of relief, Plaintiff seeks an injunction in the form of an order directing "specific performance" of the alleged agreement.  Dkt. [3] at 5, ¶ 15.   Plaintiff also seeks compensatory damages.

**Motion for Judgment on the Pleadings**

A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is treated under the same standard as a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Regalbuto v. City of Philadelphia, 937 F.Supp. 374, 376-77 (E.D. Pa. 1995), aff'd, 91 F.3d 125 (3d Cir. 1996).  The district court must view the facts and inferences to be drawn from the pleadings in the light most favorable to the non-moving party.  Regalbuto, 937 F.Supp. at 377 (citing Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 406 (3d Cir. 1993)).  In ruling on a Rule 12(c) motion, a court may consider documents attached to the complaint or pleadings.  See, e.g., Voest-Alpine Trading USA Corp. v. Bank of China, 142 F.3d 887, 891 n.4 (5th Cir. 1998).  See also Charles Alan Wright & Arthur R. Miller, 5C Federal Practice and Procedure: 3d §1371 ("Because Rule 10(c) incorporates into the pleadings all exhibits attached thereto and materials referred to, the district court can consider those documents in deciding a Rule 12(c) motion").  In addition, however, in considering a motion for judgment on the pleadings, a court is not limited to the pleadings themselves but may also consider facts of which the court may take judicial notice.  See, e.g., Oran v. Stafford, 226 F.3d 275, 289 (3d Cir. 2000).

**Discussion**

**The Statute of Limitations Bars This Action**

Plaintiff's claims are barred by the statute of limitations.  Congress did not specify a statute of limitations for actions arising under 42 U.S.C. § 1983 of the Federal Civil Rights law.  Wilson v. Garcia, 471 U.S. 261, 267 (1985), *superseded by statute on other grounds as stated in* Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 383-85 (2004).  Because of this, the courts are to consider Section 1983 actions as tort actions and borrow the statute of limitations for

personal injury or tort actions from the appropriate state. See id. The Court of Appeals for the Third Circuit has declared that for Section 1983 actions brought in the federal courts located within the Commonwealth of Pennsylvania, the appropriate statute of limitations is two years. Fitzgerald v. Larson, 769 F.2d 160, 162 (3d Cir. 1985)("the two-year Pennsylvania limitation for personal injury actions of 42 Pa.Const.Stat.Ann. § 5524 governs all § 1983 actions brought in Pennsylvania.").

Here, the allegedly wrongful acts by the Defendants giving rise to Plaintiff's cause of action occurred no later than March 2, 1990, when the Defendants failed to keep their bargain by prosecuting Plaintiff on at least some of the robbery charges, when Plaintiff alleges that they had promised to drop all charges if the scientific tests on the cigarette exonerated him as those tests had allegedly done. Plaintiff did not "file" this civil action, which would stop the running the of the statute of limitations,[1] until, at the earliest, the date he delivered his complaint to the prison authorities for mailing, i.e., March 23, 2009. Therefore, it is clear from the face of the complaint that Plaintiff failed to commence his lawsuit within the two year statute of limitations applicable to Section 1983 claims. Accordingly, the Motion for Judgment on the Pleadings should be granted on the ground that the complaint is time barred.

---

[1] The so called "prisoner mail box rule" provides that "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." Burns v. Morton, 134 F.3d 109, 113 (3d Cir 1998). See also United States v. Soto, 159 F.Supp.2d 39, 45 (E.D. Pa. 2001). The prisoner mail box rule has been applied not only to habeas petitions but has been expanded to civil rights complaints as well. Sulik v. Taney County, 316 F.3d. 813, 815 (8th Cir. 2003) (collecting cases). In the absence of evidence as to when Plaintiff gave his Section 1983 complaint to the prison authorities for mailing for purposes of applying the prisoner mail box rule, (or absent other reasons for believing otherwise, such as extended delay between the date of signing and the date the court receives the pleading), the court deems the complaint to have been filed on the date he signed his civil rights complaint, i.e., March 23, 2009. See Henshaw v. Commissioner, Dept. of Correction, No. 99-848-SLR, 2000 WL 777868, at *3 (D. Del. June 8, 2000); Rhodes v. Senkowski, 82 F.Supp.2d 160, 165 (S.D.N.Y. 2000) ("Absent evidence to the contrary, the Court assumes that Rhodes gave his petition to prison officials for mailing on the date he signed it, February 9, 1998.").

### Heck v. Humphrey bars this suit

In the alternative, because Heck v. Humphrey, 512 U.S. 477 (1994) bars the present civil rights action as long as Plaintiff's convictions and sentences remain undisturbed, the complaint should be dismissed.

In Heck, a state prisoner convicted of voluntary manslaughter brought a civil rights action against prosecutors and a police investigator, asserting that the defendants, acting under color of state law had engaged in an unlawful, unreasonable and arbitrary investigation, leading to Heck's arrest; had knowingly destroyed evidence that could have proven Heck's innocence and caused an illegal voice identification procedure to be used at his state trial. Heck, 512 U.S. at 479. The High Court rebuffed such an effort and held as follows:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

Heck, 512 U.S. at 486-87 (footnote omitted).

Plaintiff is attempting to establish that the Defendants have a policy to permit guilty plea agreements to proceed in such a way as to violate criminal defendants' rights in Allegheny County and that this policy caused Plaintiff's present confinement because the Defendants did not honor the plea agreement allegedly made to "dismiss all charges" pursuant to this alleged policy. Plaintiff's success in establishing such claims would necessarily render his convictions or sentences invalid. Therefore, pursuant to the reasoning of Heck, Plaintiff's claims are not cognizable in this civil rights action absent an invalidation of those convictions. Plaintiff has

made no such showing of any invalidation of those convictions or sentences and as shown in his most recent habeas petition, of which we take judicial notice, those convictions and sentences still stand.

While Heck involved a claim for damages, Heck's bar applies equally to claims for injunctive relief as well. See, e.g., Harvey v. Horan, 278 F.3d 370, 375 (4th Cir. 2002)(in a case where a prisoner who filed a civil rights action, seeking injunctive relief that would have had the effect of invalidating his conviction, the court held that "[w]hile *Heck* dealt with a § 1983 claim for damages, the Court did not limit its holding to such claims. And we see no reason why its rationale would not apply in a situation where a criminal defendant seeks injunctive relief that necessarily implies the invalidity of his conviction. . . . Harvey's § 1983 claim does just that. . . . Harvey claims that he is innocent and that further DNA testing will lead to his exoneration. Because he seeks to use § 1983 to invalidate a final state conviction whose lawfulness has in no way been impugned, his suit fails under *Heck*. It must be dismissed for failure to state a claim."); Eubank v. Ghee, 202 F.3d 268 (Table), 1999 WL 1045238, at *1 (6th Cir. 1999)("The holding in *Heck* applies regardless of whether the plaintiff seeks injunctive or monetary relief."); Moreno v. California, 25 F.Supp.2d 1060, 1062 (N.D. Cal. 1998)("This [*Heck*] holding has been extended to civil rights actions seeking declaratory or injunctive relief as well as damages.").[2]

Accordingly, the Defendants' Motion for Judgment on the Pleadings should be granted and the complaint should be dismissed. Plaintiff's motion for summary judgment should be

---

[2] We note that to the extent Plaintiff is seeking to attack Defendants' alleged policy insofar as it relates to those charges of which he was acquitted or not charged, then Plaintiff was not convicted of those crimes and Heck would not bar an attack on those charges. However, the statute of limitations reasoning above certainly would bar any claim based on those charges given that the alleged wrongdoing on the part of the Defendants occurred so long ago.

denied in light of the recommended disposition of the Defendants' Motion for Judgment on the Pleadings.  Any other pending motions should be denied as moot.

**CONCLUSION**

  Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation, a copy of which docket entry is being mailed to Plaintiff along with the Report.  Failure to timely file objections may constitute a waiver of any appellate rights.  Any party opposing objections may file their response to the objections in accordance with Local Civil Rule 72.D.2.

            Respectfully submitted,

            /s/ *Amy Reynolds Hay*
            Chief United States Magistrate Judge

Dated: 5 February, 2010

cc: The Honorable Donetta W. Ambrose
   United States District Judge

   Thomas Davis
   BZ9982
   SCI Mercer
   801 Butler Pike
   Mercer, PA 16137

   All counsel of record by Notice of Electronic Filing