IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS DAVIS, | ) | |
|     Plaintiff | ) | |
| | ) | |
| vs. | ) | Civil Action No. 09-415 |
| | ) | District Judge Donetta W. Ambrose/ |
| THE COUNTY OF ALLEGHENY and its | ) | Chief Magistrate Judge Amy Reynolds Hay |
| Agencies; OFFICE OF THE DISTRICT | ) | |
| ATTORNEY; OFFICE OF PUBLIC | ) | |
| DEFENDER, | ) | |
|     Defendants | ) | Re: Dkt. Nos. [8] & [13] & [35] |

## **MEMORANDUM ORDER**

The above-captioned pro se civil rights action was received by the Clerk of Court on April 9, 2009, and was referred to United States Magistrate Judge Amy Reynolds Hay for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and the then in force Local Rules 72.1.3 and 72.1.4, which do not materially differ from the now in force Local Civil Rules 72.C and D.

The Magistrate Judge's Report and Recommendation, Dkt. [36], filed on February 5, 2010, recommended that the Defendants' Motion for Judgment on the Pleadings be granted and that Plaintiff's motion for summary judgment be denied. Service was made on the Plaintiff at his place of confinement. The Plaintiff was informed that in accordance with the Magistrate Judges Act, 28 U.S.C.§ 636(b)(1)(B) and (C), and the then in force local rules governing Magistrate Judges, that he had ten (10) days to file any objections. Plaintiff filed his objections. Dkt. [37].

None of the objections merits rejection of the report nor extended comment. Initially,

Plaintiff objects that he is not a prisoner with respect to the charges of which he was acquitted, namely, the charges at No. CC 198904098. While this may be true, the Report accurately determined that Plaintiff's claims as to those charges for which he was acquitted would not be subject to the Heck bar but would be subject to the time bar. Dkt. [36] at 6, n. 2. Thus, any claims concerning the acquitted charges would be time barred as correctly noted by the Report. Although not entirely clear, Plaintiff appears to suggest that he is not time barred with respect to those claims concerning the charges he was acquitted of because it was not "judicially ascertain[ed]" until December 10, 2009, by this Court, that Plaintiff was exonerated of those charges, when the Court denied one of Plaintiff's many attempts to attack his current sentence in a habeas petition. To the extent that Plaintiff is attempting to argue that the statute of limitations did not run on his claim until December 10, 2009, we are unpersuaded. As the Report correctly notes, he was acquitted of some of his charges in March 1990, and he was aware long before his acquittal that the Defendants allegedly were prosecuting him in violation of some alleged plea agreement to not do so. Hence, the date of his acquittal as to some of the charges would have started the statute of limitations running as to those charges for which he was acquitted. See, e.g., Chambers v. Straub, No. 05-74046, 2006 WL 1997134, at 4 n.3 (E.D.Mich. July 12, 2006) ("Because his claim was Heck-barred until his June 11, 2001 acquittal, the statute of limitations began running on that date. . . ."). Hence, his claims as to the alleged breach of the plea agreement and the Defendants' alleged policy of not having such plea agreement negotiations recorded or monitored, are clearly time barred with respect to the charges he was acquitted of.

The legal significance of the alleged fact that Plaintiff "continues to suffer post-acquittal civil rights collateral consequences for the same issues of law and fact plaintiff was acquitted of

[in] March 1990," Dkt. [37] at 3, escapes the Court.

Any other objection not specifically addressed herein is deemed to have been adequately addressed in the Report.

After *de novo* review of the pleadings and the documents in the case, together with the Report and Recommendation and objections, the following order is entered:

AND NOW, this 23rd day of March, 2010;

**IT IS HEREBY ORDERED** that the Defendants' Motion for Judgment on the Pleadings, Dkt. [13] is **GRANTED** and Plaintiff's summary judgment motion, Dkt. [8] is **DENIED**, as is his Motion for Declaratory Relief, Dkt. [35], which merely reiterates some of the arguments raised in his objections.

**IT IS FURTHER ORDERED** that the Report and Recommendation, Dkt. [36], filed on February 5, 2010 by Chief Magistrate Judge Hay, is adopted as the opinion of the Court, as supplemented by this Memorandum Order. Any other pending motions are **DENIED** as moot. The Clerk is to mark the case closed.

Donetta W. Ambrose
United States District Judge

cc: The Honorable Amy Reynolds Hay
Chief United States Magistrate Judge

Thomas Davis
BZ9982

SCI Mercer
801 Butler Pike
Mercer, PA 16137

Counsel of Record via CM-ECF